*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* A. S. ROBERTSON, Minor.

UNPUBLISHED
April 9, 2020

Nos. 348092; 352544
Wayne Circuit Court
Family Division
LC No. 18-000286-NA

## AFTER REMAND

Before: JANSEN, P.J., and CAMERON and TUKEL, JJ.

PER CURIAM.

Following respondent-mother's initial appeal, we affirmed the trial court's finding that there was a statutory basis to terminate respondent's parental rights to the minor child.[1] However, we remanded to the trial court for consideration of the effect of the minor child's placement with a relative as it related to the best-interest analysis and for consideration of all the best-interest factors. We now affirm.

On remand, the trial court noted that respondent used illegal substances while she was pregnant with the minor child. Because the minor child tested positive for illegal substances at birth and because respondent's parental rights to her two older children had already been terminated, the minor child was taken into care when she was less than two months old. The trial court found that respondent failed to attend the combined adjudication trial and dispositional hearing. Although the minor child was placed with a paternal aunt at the time of termination and the parental rights of the minor child's father had not been terminated, the trial court concluded that termination was in the best interests of the minor child given that respondent used illegal substances while she was pregnant with the minor child and had not "been [t]her[e] at all" for the minor child. The trial court found that the minor child needed permanence, that respondent had not demonstrated the ability to provide the minor child with permanence, and that the minor child was receiving guidance and affection from her paternal aunt. Based on these findings, the trial

---

[1] *In re Robertson Minor*, unpublished per curiam opinion of the Court of Appeals, issued September 12, 2019 (Docket No. 348092).

court concluded that it was in the minor child's best interests to terminate respondent's parental rights.

We conclude that the trial court has now adequately addressed our concerns. Furthermore, we cannot conclude that the trial court clearly erred in its determination that a preponderance of the evidence showed that termination of respondent's parental rights was in the best interests of the minor child. See *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). It is clear from the record that respondent lacked the ability or the desire to properly care for the minor child and that she placed her own impulses before the minor child's needs. Respondent also failed to demonstrate that she would be capable of rectifying the situation, or that she was capable of providing a permanent and stable environment. Indeed, during the hearing on remand, respondent was disruptive and denied that she consumed illegal substances while she was pregnant with the minor child. Consequently, we conclude that termination of respondent's parental rights was in the best interests of the minor child.

Affirmed.

/s/ Kathleen Jansen
/s/ Thomas C. Cameron
/s/ Jonathan Tukel